```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO.  16-CIV-22406-MOORE
                                        (09-CR-20586-MOORE)
                              MAGISTRATE JUDGE P.A. WHITE
```

LEOPOLDO JAIME BRYAN,          :

    Movant,                    :

v.                             :          REPORT OF THE MAGISTRATE JUDGE

UNITED STATES OF AMERICA,      :

    Respondent.                :
_____

## Introduction

The movant has filed a motion to vacate pursuant to 28 U.S.C. §2255, attacking his conviction and sentence entered in Case No. 09-Cr-20586-Moore.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2255 Cases in the United States District Courts. The Court has reviewed the motion [CV-DE#1], and all pertinent portions of the underlying criminal file. No order to show cause has been issued because, on the face of the motion, it is evident the movant is entitled to no relief. See Rule 4(b), Rules Governing Section 2255 Proceedings.[1]

---

[1] Rule 4(b) of the Rules Governing Section 2255 Proceedings, provides, in pertinent part, that "[I]f it plainly appears from the motion and any attached exhibits, and the record of prior proceeding that the movant party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party...."

1

<u>Claims</u>

In his motion, Movant appears to claim that his Armed Career Criminal Sentence under the ACCA and his Career Offender sentence under the Federal Sentencing Guidelines is unlawful in light of the Supreme Court's decision in <u>Johnson v. United States</u>, 135 S.Ct. 2551 (2015).

<u>Procedural History</u>

Movant in this case pleaded guilty to multiple counts of possession with intent to distribute various amounts of cocaine base in violation of 21 U.S.C. § 841(a)(1), and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).

A PSI was prepared in anticipation of sentencing. Movant's adjusted offense level was 34, but Movant was considered to be a Career Offender under the Federal Sentencing Guidelines, because he was at least 18 years old at the time of the instant offense, the instant offenses are a felony controlled substances offenses, and he has at least two prior felony convictions for controlled substances offenses. (<u>Id.</u> at ¶25). His offense level was thus enhanced to 37. (<u>Id.</u>). As the prior convictions qualifying Movant for the Career Offender enhancement under the Guidelines, the PSI set forth a veritable laundry list of six prior Florida felony convictions for possession with intent to sell, manufacture and deliver cocaine, sale manufacture and delivery of cocaine, and trafficking in cocaine. (<u>Id.</u>). Three points were deducted for timely acceptance of responsibility, resulting in a total offense level of 34. (<u>Id.</u> at ¶26-28). Movant was also considered to be an Armed Career Criminal under the ACCA, thereby subjecting him to an enhanced statutory penalty of 15 years to life for his § 922(g) violation. (<u>Id.</u> at ¶113)

Movant also had a total of 22 criminal history points, resulting in a criminal history category of VI. (PSI, ¶67). And because Movant was considered a Career Offender, Movant's criminal history category was also a category VI. (Id.). Based on a total offense level of 34 and a criminal history category of VI, Movant's guideline sentencing range was 262-327 months' imprisonment. (Id. at ¶114).

On November 5, 2009, Movant appeared for sentencing, at which time the district court adopted the PSI without change, and sentenced Movant to a total term of 300 months' imprisonment. (CR-DE#29, 30, Court's Statement of Reasons).

Judgment was entered on November 10, 2009. [CR-DE#30]. The Eleventh Circuit Court of Appeals affirmed Movant's convictions and sentences, and movant sought no further review. [CR-DE#54].

In January of 2016, Movant filed a Rule 60(b) motion, which was docketed by the Clerk as a motion to vacate pursuant to § 2255, and assigned civil case number 16-20831-Moore. (CR-DE#61). That motion was resolved adversely to Movant. (See Case No. 16-Civ-20831-Moore). However, because Movant never agreed to the recharacterization of his Rule 60(b) motion as a motion to vacate pursuant to § 2255, it does not count as a prior § 2255 motion for purposes of § 2255's restriction on second or successive motions. See Zelaya v. Sec'y, Florida Dep't of Corr., 798 F.3d 1360, 1368 (11th Cir. 2015).

On June 20, 2016, pursuant to the "prison mailbox rule," Movant filed the instant motion pursuant to 28 U.S.C. § 2255.[2]

---

[2]Prisoners' documents are deemed filed at the moment they are delivered to prison authorities for mailing to a court, and absent evidence to the contrary, will be presumed to be the date the document was signed. See Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001); see also Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988)(setting forth the "prison mailbox rule"). Here, Movant claims that he is entitled to relief under the Supreme Court's decision in Johnson, supra. In cases where the constitutional right asserted is a newly recognized right made retroactively applicable to cases on collateral review, the AEDPA's one-year limitations period runs from the date

3

## Standard of Review

Pursuant to 28 U.S.C. §2255, a prisoner in federal custody may move the court which imposed sentence to vacate, set aside or correct the sentence if it was imposed in violation of federal constitutional or statutory law, was imposed without proper jurisdiction, is in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. §2255. If a court finds a claim under Section 2255 to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." Id. To obtain this relief on collateral review, however, a habeas petitioner must "clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982)(rejecting the plain error standard as not sufficiently deferential to a final judgment).

Under §2255, unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court shall "grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. §2255; see also Smith v. Singletary, 170 F.3d 1051, 1053 (11th Cir. 1999)("[a] habeas corpus petitioner is entitled to an evidentiary hearing on his claim 'if he alleges facts which, if proven, would entitle him to relief.'" )(internal citations and quotations omitted)). However, the movant in a §2255 proceeding must allege reasonably specific, non-conclusory facts that, if true, would entitle him to relief. Aron v. United States, 291 F.3d 708, 715, n. 6 (11th Cir. 2002). Otherwise, no evidentiary

---

of that decision. See Dodd v. United States, 545 U.S. 353 (2005); see also Swokla v. Paramo, No. C 14-2635 WHA, 2015 WL 3562574, at *2 (N.D. Cal. June 8, 2015)(limitations period runs from the date that the Supreme Court recognized the "right asserted," and does not turn on whether the claim ultimately fails on the merits).

hearing is warranted. Id, 291 F.3d at 714-715 (explaining that no evidentiary hearing is needed when claims are "affirmatively contradicted by the record" or "patently frivolous"); Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989)(noting that a hearing is not required on claims which are based upon unsupported generalizations or affirmatively contradicted by the record). Moreover, a court need not conduct an evidentiary hearing where the issues can be conclusively decided on the basis of the evidence already in the record, and where the petitioner's version of the facts have already been accepted as true. See, e.g., Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1070 (11th Cir. 2011); Turner v. Crosby, 339 F.3d 1247, 1274-75 (11th Cir. 2003); Smith, 170 F.3d at 1054; Schultz v. Wainwright, 701 F.2d 900, 901 (11th Cir. 1983); Roberts v. Marshall, 627 F.3d 768, 773 (9th Cir. 2010).

The ACCA and the Federal Sentencing Guidelines

Under the Armed Career Criminal Act of 1984 ("ACCA"), a defendant convicted of being a felon in possession of a firearm faces a more severe punishment if he or she has three or more convictions for a "violent felony" or "serious drug offense," or both, committed on occasions different from one another. The ACCA defines "violent felony" any crime punishable by imprisonment exceeding one year that:

> (I) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). The words "or otherwise involves conduct that presents a serious potential risk of physical injury to another" have come to be known as the Act's residual clause. Johnson v. United States, 135 S.Ct. 2551, 2555-56 (2015). As

everyone by now is well aware, in Johnson, the Supreme Court held that the ACCA's residual clause was unconstitutionally vague, and that imposing an enhanced sentence pursuant to that clause thus violates the Constitution's guarantee of due process. 135 S.Ct. at 2563.

Under the Federal Sentencing Guidelines, a defendant is considered a Career Offender if he or she is at least 18 years old at the time of the offense, the offense is for either a "crime or violence" or a "controlled substance offense," and the defendant has at least two felony convictions of either a "crime of violence" or a "controlled substance offense." U.S.S.G. § 4B1.B1. The definition of "crime of violence" includes "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that ... is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a). Thus, to the extent that the Guidelines provide define "crime of violence" to include any offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another," the Guidelines also contain their own "residual clause." See United States v. Matchett, 802 F.3d 1185, 1194 (11th Cir. 2015).

Here, Movant was subjected to both an an enhanced penalty as an Armed Career Criminal under the ACCA, as well as to an enhanced offense level a Career Offender pursuant to Federal Sentencing Guidelines. Movant would presumably argue that, in addition to the ACCA's residual clause being unconstitutionally vague under Johnson, that § 4B1.2(a)'s residual clause is similarly unconstitutionally vague in light of Johnson. While the undersigned agrees that Johnson should apply to claims under the Guidelines, at the moment any such argument is squarely foreclosed by the Eleventh Circuit's decision in Matchett, supra.

Specifically, in Matchett, decided after Johnson, the Eleventh Circuit rejected this very claim, stating as follows:

> By its terms, the decision of the Supreme Court in Johnson is limited to criminal statutes that define elements of a crime or fix punishments. The Supreme Court . . . explained that the vagueness doctrine applies not only to statutes defining elements of crimes, but also to statutes fixing sentences. The Armed Career Criminal Act defines a crime and fixes a sentence, but the advisory guidelines do neither.
>
> . . . The sentencing judge's authority to exercise discretion distinguishes the Guidelines from criminal statutes in a significant and undeniable manner. The vagueness doctrine, which rests on a lack of notice, does not apply to advisory guidelines.

Id. at 1194 (internal quotations and citations omitted).

The Eleventh Circuit has thus made clear that it does not believe that the vagueness doctrine does not apply to advisory guidelines. See In re Griffin, No. 16-12012-J, 2016 WL 3002293, at *4 (11th Cir. May 25, 2016) (holding defendant "is unable to make a prima facie showing that Johnson applies to him in light of our binding precedent in Matchett that the Sentencing Guidelines cannot be challenged as unconstitutionally vague"); Denson v. United States, 804 F.3d 1339, 1343 (11th Cir. 2015); Matchett, 802 F.3d 1185, 1189, 1193-95 (11th Cir. 2015); United States v. Walker, 631 F. App'x 753, 756 (11th Cir. 2015) ("[U]nder Matchett, the residual clause of § 4B1.2(a)(2) of the guidelines is not unconstitutionally vague.").

However, in June 27, 2016, the Supreme Court granted certiorari in a case out of the Eleventh Circuit to decide whether Johnson's constitutional holding applies retroactively to the residual clause contained in §4B1.2(a)(2) of the Guidelines, thereby rendering challenges to sentences enhanced under it

7

cognizable on collateral review. See Beckles v. United States, Case No. 15-8544, 2016 WL 1029080 (2016).[3]

That the grant of certiorari in Beckles is in a case from the Eleventh Circuit should comes as no great surprise. That is because the Eleventh Circuit is the lone federal circuit that has specifically held that Johnson does not apply retroactively to cases on collateral review challenging Career Offender sentences under the Guidelines. The Second, Third, Sixth and Tenth Circuits have all concluded that Johnson applies to the residual clause contained in the Guidelines. See United States v. Madrid, 805 F.3d 1204, 1211 (10th Cir. 2015); United States v. Pawlak, --- F.3d ----, ---- - ----, 2016 WL 2802723, at *3-4 (6th Cir. May 13, 2016); United States v. Townsend, 638 Fed.Appx. 172, 177-78 (3rd Cir.2015); United States v. Welch, No. 12-4402-CR L, ---Fed.Appx. -----, ----, 2016 WL 536656, at *4 (2d Cir. Feb. 11, 2016). Other circuits have either questioned whether the Guidelines' residual clause remains constitutional after Johnson, or have acted on the assumption or concession that Johnson applies. See Ramirez v. United States, 799 F.3d 845, 856 (7th Cir. 2015) (acting on the assumption that the Supreme Court's reasoning in Johnson applies to the residual clause of the career offender guideline); United States v. Soto-Rivera, 811 F.3d 53, 59 (1st Cir. 2016) (conducting a career offender analysis without relying on the residual clause because the government had conceded that Johnson applied to the Guidelines). The Fifth and Eighth Circuits, however, have recently denied applications for leave to file second or successive motions to vacate in cases where the claim was that Johnson affected the residual clause contained in the advisory guidelines. See In re Arnick, --- F.3d ----, ----, 2016 WL 3383487, at *1 (5th Cir. June

---

[3] In Beckles v. United States, 616 Fed. Appx. 415, 416 (11th Cir. 2015), the Eleventh Circuit affirmed the defendant's sentence, which had been enhanced under the Career Offender provisions of the Guidelines, concluding that the Supreme Court's decision in Johnson did not apply to challenges under the Guidelines.

17, 2016); Donnell v. United States, ---F.3d ----, ----, 2016 WL 3383831, at *3 (8th Cir. June 20, 2016). Still, it certainly seems within the realm of possibility that the Eleventh Circuit's decision in Matchett may well be abrogated by the Supreme Court's decision in Beckles.

Moreover, the Sentencing Commission has adopted an amendment to the definition of "crime of violence" contained in U.S.S.G. §4B1.2(a)(2), purportedly in response to the "disagreement" among the Circuits with respect to the application of Johnson to the parallel provision in the Sentencing Guidelines.[4] The proposed amendment eliminates the residual clause and revises the list of specific enumerated offenses qualifying as crimes of violence, and the effective date would be August 1, 2016. If the amendment is ultimately adopted and made retroactive,[5] Movant would then be able to return to this court and file a motion for reduction of sentence pursuant to 18 U.S.C. §3582(c)[6] which, if granted, would moot the claim Movant raises herein. See Ethredge v. Hail, 996 F.2d 1173, 1175 (11th Cir.1993) ("A case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.").

The say that the law potentially implicated by Movant's claims is unsettled would be an understatement. Indeed, the Supreme Court

---

[4] See United States Sentencing Commission January 8, 2016 Press Release, which can be found on-line at http://www.ussc.gov/news; and http://www.ussc.gov/guidelines/amendments/reader-friendly-version-amendment-crimeviolence.

[5] The undersigned takes no position on whether the amendment will be made retroactively applicable.

[6] Section 3582(b) provides that, in the case where the defendant has been sentenced to a term of imprisonment that has been subsequently lowered by the Sentencing Commission, upon the motion of the defendant or upon its own motion, the Court may reduce the term of imprisonment, after considering the factors set forth in § 3553(a) to the extent they are applicable, if such reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

has just recently issued another decision regarding how federal courts are to determine whether a prior conviction qualifies as a "violent felony" under the ACCA. See Mathis v. United States, No. 15-6092, 2016 WL 3434400 (U.S. June 23, 2016).[7] See also Almanza-Arenas v. Lynch, 815 F.3d 469, 483 (9th Cir. 2016) ("The bedeviling "modified categorical approach" will continue to spit out intra- and inter-circuit splits and confusion . . . Almost every Term, the Supreme Court issues a "new" decision with slightly different language that forces federal judges, litigants, lawyers and probation officers to hit the reset button once again.") (Owens, Circuit Judge, joined by Tallman, Bybee, and Callahan, Circuit Judges, concurring).

None of this, however, benefits Movant. As set forth above, the PSI reflects that Movant's six predicate offenses more than qualifying him as both an Armed Career Criminal under the ACCA and a Career Offender under the Guidelines were drug offenses.

"Serious drug offense" is defined in the ACCA as:

> (i) an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46, for which a maximum term of imprisonment of ten years or more is prescribed by law; or
>
> (ii) an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)),

---

[7] In Mathis, the Court was called upon to determine whether courts may use the modified categorical approach to determine if a past conviction is for an enumerated offense under the ACCA when a defendant is convicted under an indivisible statute that lists multiple, alternative means of satisfying one (or more) of its elements. In so doing, the Court, among other things, addressed how federal courts are to make the threshold determination of whether an alternatively phrased statute sets forth alternative elements (in which case the statute would be divisible and the modified categorical approach would apply to determine which version of the statute the defendant was convicted of violating), or merely lists alternative means of satisfying one element of an indivisible statute (in which case the categorical approach would apply). Id. at *10-11.

>    for which a maximum term of imprisonment of ten years or
>    more is prescribed by law;

18 U.S.C. § 924(e)(2)(A). Similarly, § 4B1.2, the portion of the Guidelines that subjected Movant to his enhanced Career Offender sentence, defines "controlled substance offense" as:

>    . . . an offense under federal or state law, punishable
>    by imprisonment for a term exceeding one year, that
>    prohibits the manufacture, import, export, distribution,
>    or dispensing a controlled substance (or a counterfeit
>    substance) or the possession of a controlled substance
>    (or a counterfeit substance) with intent to manufacture,
>    import, export, distribute or dispense.

§ 4B1.2. Nothing in Johnson calls into question predicating an ACCA enhancement upon a prior conviction for a "serious drug offense."[8] United States v. Darling, 619 F. App'x 877, 880 (11th Cir. 2015) ("The Supreme Court's recent decision in Johnson . . . has no bearing on Darling's sentence because he had more than three predicate convictions for "serious drug offenses" as defined in 18 U.S.C. § 924(e)(2)(A)(ii)"); see also In re Rogers, No. 16-12626-J, 2016 WL 3362057, at *3 (11th Cir. June 17, 2016)(When . . . it is clear . . . that each predicate conviction qualified under the ACCA's elements or enumerated crimes clause, or as a serious drug offense . . . then [an application for authorization to file a second or successive § 2255 motion] does not 'contain' a Johnson claim."); In re Robinson, No. 16-11304-D, 2016 WL 1583616, at *1 (11th Cir. Apr. 19, 2016)("[T]he rule announced in Johnson does not benefit Robinson. Robinson's ACCA sentence was based on convictions for two serious drug offenses, as well as convictions for armed robbery and for aggravated battery with a firearm."). There is thus similarly no basis to conclude that anything in Johnson would

---

[8] The ACCA provides for enhanced penalties for felons in possession of firearms who have three or more prior convictions for a "serious drug offense," or a "violent felony," as those terms are defined in the Act. See 18 U.S.C. § 924(e).

11

call into predicating a Career Offender enhancement under the Guidelines upon a conviction for a "controlled substance offense."

In light of this, Movant is hereby advised that federal law contains certain restrictions "second or successive" § 2255 filings. Specifically, the Antiterrorism and Effective Death Penalty Act ("AEDPA") provides in relevant part that:

> A second or successive motion must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain–
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Therefore, continuing to pursue this § 2255 motion to vacate on the basis that his Armed Career Criminal and Career Offender sentences are no longer lawful in light of <u>Johnson</u> may result in this being the Movant's first and only chance to seek relief pursuant to 28 U.S.C. § 2255.

<u>Certificate of Appealability</u>

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and that if a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. §2253(c)(2)." Rule 11(a) further provides that "[b]efore entering the final order, the court may direct the

parties to submit arguments on whether a certificate should issue." <u>Id.</u> Regardless, a timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Habeas Rules.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). Where a §2255 movant's constitutional claims have been adjudicated and denied on the merits by the district court, the movant must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000). Where a §2255 movant's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the movant can demonstrate both "(1) 'that jurists of reason would find it debatable whether the [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" <u>Rose v. Lee</u>, 252 F.3d 676, 684 (4th Cir.2001)(<u>quoting</u> <u>Slack</u>, 529 U.S. at 484). "Each component of the §2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." <u>Slack</u>, 529 U.S. at 484-85.

Having determined that Movant is not entitled to relief on the merits, the court considers whether Movant is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in the instant motion. After reviewing the issues presented in light of the applicable standard, the court concludes that reasonable jurists would not find the court's

13

treatment of any of Movant's claims debatable and that none of the issues are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is not warranted. See Miller-El, 537 U.S. at 336-38; Slack, 529 U.S. at 483-84.

## Conclusion

Based on the foregoing, it is hereby it is recommended that the motion to vacate be summarily DENIED, and that no certificate of appealability be issued.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report, including any objections with regard to the denial of a certificate of appealability.

DONE AND ORDERED in Chambers in Miami, Florida this 5th day of August, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Leopoldo Jaime Bryan
      86232-004
      Miami FCI
      Federal Correctional Institution
      Inmate Mail/Parcels
      Post Office Box 779800
      Miami, FL 33177
      PRO SE

      Dwayne Edward Williams
      United States Attorney's Office
      Economic Crimes
      99 N.E. 4th Street
      Miami, FL 33132